WATKINS, Judge.
Steven Sweetser filed the present action against Carol Streva, seeking the balance allegedly due on a building contract for a home that Sweetser had constructed as general contractor for Streva. Streva reconvened, seeking damages for faulty construction. The trial court rendered judgment in favor of Streva against Sweetser in the sum of $10,529.66, finding that to be the sum by which damages to Streva exceeded the balance due under the building contract. We amend to reduce the award to Streva by the sum of $71.51, the sum both parties agreed should have been credited to Sweetser as a cost overrun, and affirm.
On January 2, 1981, Streva and Sweet-ser, a general contractor, entered into a building contract for the construction of a house at 1716 East Gardener Street, Morgan City, Louisiana, for the sum of $80,-753.00. Plans for the house had been drawn by Sweetser in accordance with photographs and verbal instructions by Streva. Sometime later a written amendment was entered into providing for what would appear to be “extras”, which were to be paid for on a cost overrun basis.
Construction commenced. Streva visited the construction site frequently, usually three times .daily, at morning, noon, and evening. On one of these visits, he noticed the roof was not in keeping with the plans and specifications, and complained to Sweetser, who informed Streva that it was impossible to build the roof in accordance with plans, as the square of the house was too small to so permit. At trial, a licensed architect, James Firmin of Morgan City, testified that it would indeed have been possible to have built the roof as called for in the plans. In any event, at the encounter with Sweetser, Sweetser told Streva that Sweetser had made a mistake for which Sweetser was willing to pay. Construction continued.
When construction was in progress, several other difficulties developed. A brick column was placed in the wrong position, and the difficulty remedied, the main front window was not constructed in accordance with plans, the slab was laid considerably narrower than called for by the plans, and the brick floor was not finished by the subcontractor agreed upon by Sweetser and Streva. Furthermore, after the house was completed, the brick floor immediately turned white, showing that the floor had been improperly finished.
The major controversy of the case turns upon the construction of the roofline. Sweetser contends that the principle of es-toppel applies, as he contends Streva agreed to permit construction to continue after he had discovered that the house had the wrong roofline. Counsel for Sweetser further contends that the trial court erred in accepting Streva’s testimony as true and in refusing to believe that of Sweetser. The question of credibility of the witnesses is one for the trial court, and the trial court’s evaluation of credibility will not be overturned unless that evaluation is clearly or manifestly wrong or erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 *1009 So.2d 716 (La.1973). The trial court did not believe Sweetser, who first testified that he had no memory of complaints about the roof and later proceeded to testify in great detail about his version of the encounter concerning the roofline. Sweetser’s testimony contained other self-contradictions and was quite evasive. We cannot say the trial court erred in refusing to believe the testimony of Sweetser, whose testimony was unworthy of belief and not supported by that of any other witness.
As we agree with the trial court that Sweetser’s testimony is unworthy of belief, there is no occasion to apply the principle of equitable estoppel to the present building contract as was done in the case of other building contracts in Keating v. Miller, 292 So.2d 759 (La.App. 4th Cir.1974) and Elite Homes, Inc. v. Herrmann, 242 So.2d 614 (La.App. 4th Cir.1970).
The trial court in written reasons, while awarding damages to remedy the roofline, indicates the matter was largely one of aesthetics. While aesthetics play a part, the main fault on the part of Sweetser is that he failed to build the roofline in accordance with the plans that he himself had drawn. He thus was guilty of clear breach of contract.
As to the lesser matters not completed in accordance with plans and specifications, such as the improperly finished floor and the improperly laid slab (being too narrow), these are also breaches of contract, for which Sweetser should be held liable.
Delores Boudreaux, who was permitted to testify to impeach the testimony of Sweetser, testified that Sweetser had done a poor job on her house. While we have some question that this testimony may have gone beyond mere impeachment, we find no prejudice, as Sweetser discredited his version of events by his own testimony, and the trial court founded its written reasons for judgment on Sweetser’s total lack of credibility.
Certain extras were added on a cost plus basis by the amended contract mentioned above. Counsel for Sweetser argues, and counsel for Streva concedes, that the sum of $71.51 should have been credited against the sum awarded. We therefore amend the judgment in favor of Streva to reduce the amount awarded to Streva by the sum of $71.51.
The judgment in favor of Carol Streva and against Steven Sweetser is reduced to the sum of $10,458.15, and as so amended, affirmed, all costs to be borne by Steven Sweetser.
AMENDED AND AFFIRMED.